### SOMMER v. CARBON HILL COAL CO.

(Circuit Court of Appeals, Ninth Circuit. February 11, 1901.)

1. REBUTTAL—CUMULATIVE EVIDENCE—DISCRETION OF COURT.

Plaintiff, in an action for an injury received by him, while in defendant's employ in a coal mine, from explosion of gas, through the alleged negligence of the fire boss in failing to attend to the ventilation on complaint of plaintiff, having in his case in chief given evidence of the nature of the duties of the fire boss, and defendant having met this by evidence that a published rule of defendant required complaint to be made to the mine foreman, and that no one but him had any right to interfere with the ventilation, it is in the discretion of the court to refuse to receive on rebuttal testimony that it was the duty of the fire boss to attend to ventilation on complaint; this being but cumulative evidence of what plaintiff was required to prove in opening his case.

2. MASTER'S DUTY—INSTRUCTIONS—STATUTES.

The question of the duty of a coal-mine owner as regards ventilation being controlled by a statute providing for ventilation by certain means and in a certain manner, it is sufficient for the court, in instructing as to the master's duty, to read the statute.

In Error to the Circuit Court of the United States for the Western Division of the District of Washington.

This cause comes into this court a second time upon writ of error. The first writ was brought to review a judgment which was rendered by the circuit court, sustaining a demurrer to the complaint upon the ground that it affirmatively appeared therein that the negligence and wrong complained of by the plaintiff were the negligence and wrong of his fellow servant, for which the defendant was not legally liable to respond in damages, and upon the further ground that it was shown in the complaint that the plaintiff's own negligence was a contributing cause of his injury. The complaint upon which that judgment was rendered alleged that the plaintiff was a coal miner in the employment of the defendant, and that the defendant had failed to comply with the regulations of the statute of Washington requiring the ventilation of its mine; that upon the day on which he was injured the plaintiff was employed in driving a chute, and that while working on the face of the chute a short time before the accident he noticed gas accumulated at his

working place, and that said accumulation of gas was owing to insufficient ventilation, which was due to the negligence and carelessness of the fire boss, one John Lowery; that soon after noticing the accumulation of gas the plaintiff complained to Lowery that there was gas accumulating at his chute, and requested him to furnish more air and better ventilation; that Lowery neglected his duty in this respect, and the plaintiff, believing that Lowery had performed his duty and had freed the chute from gas, proceeded to the face of the chute for the purpose of setting off a charge of giant powder by a fuse thereto attached, and lighted a match for that purpose, thereby igniting the gas and causing an explosion thereof. This court (32 C. C. A. 156, 89 Fed. 54) reversed the judgment of the circuit court sustaining the demurrer, and ruled that, since the complaint did not state the length of time that had transpired between the notification given to the fire boss by the plaintiff and the time when the explosion occurred, it would not be presumed that a sufficient interval had not elapsed to justify the plaintiff in believing that the fire boss had fulfilled his duty, and had caused a proper ventilation of the plaintiff's working place. The cause was remanded to the circuit court for trial. During the progress of the trial the plaintiff amended his complaint. He omitted therefrom his former allegation that he noticed the presence of gas at his working place in the chute and reported that fact to the fire boss, and substituted therefor the allegation that the plaintiff noticed that the ventilation of said working place was not sufficient to clear the same from gas and smoke as quickly and readily as it should be made to do so for the safety required in such places in said mine, and that soon after noticing such lack of air and ventilation he complained to the said Lowery that there was not enough air at the face of the chute, and notified him that said lack of air and ventilation was due to the opening of a certain canvas gate which is described in the complaint. The theory of the plaintiff upon the trial was that immediately preceding the accident he did not have actual knowledge of the presence of gas at his working place, nor report the presence of gas to the fire boss, but that he did know that the ventilation was not sufficient to keep the chute clear of gas and smoke. The trial resulted in a verdict and judgment for the defendant. See 91 Fed. 337.

Govnor Teats and James Hamilton Lewis, for plaintiff in error.

J. M. Ashton, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The plaintiff in error contends that the court erred in excluding certain evidence, and in giving and refusing certain instructions to the jury. It is said, first, that there was error in excluding the evidence of witnesses who were offered in rebuttal to show the nature of the duties of the fire boss. In his case in chief the plaintiff had offered affirmative evidence to support the allegations of his complaint concerning the nature of the duties of John Lowery, who was designated the "fire boss," and through whose negligence it was alleged that the accident occurred. The defendant met this testimony by introducing evidence tending to prove that one of the published and permanent rules which govern the operation of its coal mine required the plaintiff, on discovering the gas at his working place, either to report to the mine foreman or leave the mine, and that no one but the mine foreman had the right to interfere with the brattice or other arrangement for conducting air into the different crosscuts and chutes in the mine; and it offered evidence tending to show that it was absolutely necessary for the safety of miners in different parts of the mine that the arrangements for distributing

air and ventilating the mine should be under the control of one person. It was in response to this testimony that the evidence was offered in rebuttal which was excluded by the court. The plaintiff called witnesses who had worked as miners in the mine, and offered to prove by them that it was the duty of John Lowery, the fire boss, to arrange the canvas gate in the big crosscut when requested by the plaintiff, to give the plaintiff more air; that that was one of the duties of the fire boss. The court sustained an objection to this testimony on the ground that it was not proper in rebuttal. It is contended that this ruling was error, and that the plaintiff should have been permitted to show that, notwithstanding the published rule of the company relegating to the mine foreman the entire supervision of ventilation, there was a general disregard of the rule, and that in fact, in violation of the rule, the fire boss was in the habit of attending to the ventilation upon the complaints of the miners. But this was not the offer of evidence that was made to the court. There was no suggestion that the plaintiff sought to prove that the defendant had violated its published rule. The testimony was proffered to show the duties of the fire boss, through whose negligence the complaint alleged that the accident occurred, and whose duties the plaintiff had attempted to show in his case in chief. Under these circumstances, there was clearly no abuse of the discretion which was vested in the circuit court to exclude the evidence as not proper in rebuttal of the defendant's testimony. If the plaintiff desired to prove the existence of a custom which practically annulled the rule of the company, he should have made that fact clear to the court. As the offer was made, it came only as cumulative evidence upon what the plaintiff had shown in his evidence in chief concerning a matter which, under the rules of evidence, he was required to prove in opening his case.

Error is assigned to the instruction which the court gave concerning the question of the plaintiff's negligence, as follows:

"If he was negligent in not making a protest that there was not proper ventilation at the place where he was working, and that there was gas accumulating there, he cannot complain against the company; but, with that single exception, the question of who was negligent is not important, but the question is, was there negligence?"

It is said that this charge to the jury, and several portions of the charge which follow it, rest upon a supposed or conjectural state of facts, of which no evidence existed. It is contended that the evidence shows that the plaintiff did not immediately preceding the accident have actual knowledge of the presence of gas at his working place, and that he did not report the presence of gas to the fire boss. The record does not sustain this contention. The plaintiff testified that after he had drilled a hole about four feet at the end of the chute he went down to the crosscut to fetch some powder and his fuse, and that while doing so he went where he could see some one in the gangway, and that in the big crosscut he saw John Lowery. "He asks me, 'How is it up there?' 'Well,' I tell him, 'we need more air up there. Shut the canvas gate,—the hole in the canvas gate down in the crosscut. We got more gas down there.'

He says, 'All right.'" The defendant in error urges that the plaintiff in so testifying did not mean to say that there was gas at the working place, and that it appears from the remainder of his testimony that all that he complained of was the lack of ventilation, and that he wished to secure better ventilation to prevent the accumulation of gas. We do not so understand his testimony. The bill of exceptions shows that he said to Lowery. "We got more gas down there." That statement stands unexplained and unmodified in the evidence. It was undoubtedly the evidence upon which the complaint was originally prepared. Up to the time of the trial of the case before the jury the complaint contained the averment that the plaintiff discovered gas where he was working before he made complaint to the fire boss. Notwithstanding the amendment, the plaintiff testified as above quoted. He was not cross-examined upon this statement, nor was he asked to explain it. The remainder of his testimony upon the same subject is not of such a nature as to convince us that he did not mean exactly what he said when so testifying. We have no ground, therefore, for saying that the trial court in his charge to the jury erred in assuming as proven a fact which had thus been deliberately testified to by the plaintiff himself.

It is contended that the court erred in refusing to give to the jury the instruction which was asked for by the plaintiff in error as follows: "It is the duty of the owner or operator of the mine to furnish a safe place in which the miners are to work." The whole question of the defendant's duty, so far as safety as to ventilation in its mines was concerned, is controlled by the statute of the state of Washington which makes provision for ventilation of coal mines within the state by certain means and in a certain manner, to prevent the accumulation of gases. In instructing the jury the court read that statute, and it was not required to do more. On the former decision of this case we said that the statute of Washington was, "in effect, the measure of that reasonable care which the owner or operator of a coal mine is required to take to avoid responsibility for injuries to workmen arising from accidents of this character." The case of Deserant v. Railroad Co., 178 U. S. 409, 20 Sup. Ct. 967, 44 L. Ed. 1127, relied upon by counsel for plaintiff in error, is not in conflict with these views. We find nothing in the decision of that case which affects the questions which are presented here. It was held in that case that the act of congress regulating the ventilation of coal mines in the territory of New Mexico required that the mines be kept clear of standing gas, and that if this were not done the consequence of neglecting to comply with the statute could not be excused because some fellow servant might have disregarded instructions. The instructions which are complained of in the present case concern the question of the plaintiff's contributory negligence. The statute of the state of Washington does not modify or alter the general rule that the plaintiff cannot recover if his own negligence has contributed to his injury. We find no error in the record. The judgment will be affirmed.